IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES ROBERT TICE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:24-CV-46 |
| | ) |
| HARRY WILSON, et al, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

**Procedural History**

This action was received by the Clerk of Court on February 16, 2024. The matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The petition, filed pro se, is styled as "Great Writ Habeas Corpus ad Subjiciendum Coram Nobis & Coram Vobis and Vacatur, Writ of Error, Petition under All Writs Act." ECF No. 6.[1] The petition is 234 pages in length and, although difficult to decipher in many places, details myriad challenges to Petitioner's state court convictions as well as a challenge to the undersigned's 2006 recommendation[2] of the disposition of a prior habeas corpus petition, *Tice v. Wilson*, 1:03-cv-09SJM/SPB.

---

[1] Petitioner filed a motion seeking leave to proceed in forma pauperis, which was granted by Judge Lanzillo. ECF No. 5.

[2] During the pendency of the earlier action, the undersigned was assigned in her capacity as a United States Magistrate Judge.

1

On February 29, 2024, Chief Magistrate Judge Lanzillo issued a Report and Recommendation recommending that the instant petition be dismissed prior to service based on lack of jurisdiction. ECF No. 7. Petitioner filed Objections to the Report and Recommendation [ECF No. 16], as well as several motions. *See* ECF No. 9 (motion for discovery); ECF No. 13 (motion requesting permission to speak directly to court); ECF No. 15 (motion to toll statute of limitations).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2).

In his Report and Recommendation, Judge Lanzillo recommended that the petition be dismissed due to lack of jurisdiction. ECF No. 7. Although the Clerk of Courts originally docketed this matter as a petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, Judge Lanzillo reviewed a February 26th letter from Petitioner clarifying his intent that the matter be treated as a coram nobis petition rather than a habeas corpus petition. *Id.* at page 2. Judge Lanzillo then reviewed legal precedent regarding coram nobis petitions and concluded that, because Petitioner is challenging his state court convictions, he must seek coram nobis relief through the state courts, and that this federal Court lacks jurisdiction. *Id.* The sole basis of Judge Lanzillo's recommendation is the lack of jurisdiction over a coram nobis petition which attacks state court conviction.

In his Objections to the Report and Recommendation, Petitioner takes issue with Judge Lanzillo's recitation of jurisdictional law regarding coram nobis petitions. ECF No. 16. However, more significantly, Petitioner acknowledges that he is open to having the instant action classified as a habeas corpus petition. *Id.* at pages 12-13 ("So if he made a mistake … to have it labeled as a coram nobis, then he apologizes, and this court can label [the petition] how it sees fit…").

Given this Court's obligation to liberally construe Petitioner's pro se filings[3], and in spite of Petitioner's initial insistence that the matter be construed as a coram nobis petition, the undersigned declines to adopt the Report and Recommendation and remands this matter to Chief Magistrate Judge Lanzillo for further consideration. The undersigned requests that, before ordering service of the petition upon Respondents, Judge Lanzillo evaluate whether the instant action is a successive petition or is time-barred by the statute of limitations.

So then, following *de novo* review of the petition and other filings in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 10th day of April 2024;

---

[3] *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers"); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing *pro se* submissions is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 475 (2d Cir.2006)."); *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to *pro se* habeas petitions. *United States ex. rel Montgomery v. Brierley*, 414 F.2d 522 (3d Cir. 1969).").

IT IS ORDERED that the report and recommendation of Chief Magistrate Judge Lanzillo, issued on February 29, 2024 [ECF No. 7] is rejected and is not adopted as the opinion of the court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge